27632. PARKS v. THE STATE.

SUBMITTED JANUARY 9, 1973—DECIDED FEBRUARY 19, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.

*Richard Bell, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. The appellant George Parks was tried and convicted of murder in the Superior Court of DeKalb County and sentenced to a term of life imprisonment.

The appellant's motion for new trial was overruled and he appeals from the judgment of conviction and sentence, and from the order overruling his motion for new trial.

The eight enumerations of error deal with certain

charges given by the trial court and another charge which it refused to give.

1. The appellant first contends that the trial court erred in overruling his motion for new trial on the ground that the judge improperly charged the jury on sentence during the guilt or innocence phase of the trial.

This contention is without merit.

The appellant submitted a written request to charge which quoted Code Ann. § 26-1103 (b) (Ga. L. 1968, pp. 1249, 1276). The record discloses that no objection was made at the trial to any part of the court's charge. Therefore, there must have been a substantial error in this charge which was harmful as a matter of law in order for this court to consider and review it. Code Ann. § 70-207 (c) (Ga. L. 1965, pp. 18, 31, as amended.)

In overruling this ground in the motion for new trial, the court stated in its order that "the law on involuntary manslaughter was charged...as requested by the Defendant, a copy of said Request being given verbatim in the Court's Charge to the Jury as requested in writing by defense counsel.

"The Court further certifies that the District Attorney, while impaneling the jury in the above-styled case, stated in open Court, and to all the jurors, 'that the State was not seeking the death penalty in this case,' the question of the death penalty was omitted from the voir dire questions to all jurors. In view of the defendant's counsels' requesting the Court to charge on involuntary manslaughter and to giving in said charge the penalty prescribed by law for same, and in view of the jurors not being questioned as to their opinion on the death penalty, the Court is of the opinion that it was not error to charge the jury as follows: 'A person convicted of murder shall be punished by death, which is not sought by the State in this instance, or by imprisonment for life.'" As can be seen from the above, the subject of misdemeanor sentence was specifically included by the appellant in his written

request to charge. He could not have expected or intended the judge to reserve the portion of the requested charge on punishment for the second phase of the trial because it was clear from the very outset that there could be no second phase.

If he were found guilty of involuntary manslaughter, the punishment would be as for a misdemeanor (Code Ann. § 26-1103 (b)), and the judge rather than the jury would impose the sentence under the provisions of Code Ann. § 27-2506.

Furthermore, the trial court is required to inform counsel of its proposed action upon requested charges prior to argument to the jury under Code Ann. § 70-207 (b), and the record shows that the charge in question is marked "will give." Since the appellant requested the charge and knew it would be given in advance, his acquiescence would preclude complaint even if a two-phase trial had been necessary here.

Nor was the portion of the charge regarding the death penalty harmful. If the appellant were found guilty of murder he would automatically receive a life sentence under Code Ann. § 26-1101 (c), since the death penalty was not being asked for in this case. On the other hand, if he were acquitted no sentencing phase would be necessary.

Therefore it cannot be said that the charges complained of were harmful as a matter of law.

The appellant's further contentions set forth in enumerations of error 3, 5 and 6, that the trial court erroneously charged the jury with respect to punishment, are likewise not maintainable. For the reasons stated above we find no reversible error upon any of the grounds assigned.

2. In his second enumeration of error the appellant complains for the first time of the trial court's failure to charge the jury with respect to voluntary manslaughter.

This complaint is not meritorious since there was no

evidence of voluntary manslaughter presented upon the trial.

The transcript shows that the appellant killed his wife with a shotgun. A police officer testified that Parks "said that he killed his wife for laying out on him." Parks swore that he was sitting on a sofa; that his wife was sitting on a chair next to him with a plate of food beside her; and that he was cleaning the shotgun and talking to her about shopping for groceries when the trigger caught in the rag and discharged the gun, shooting her in the head.

Even if her death occurred because the victim had been "laying out" on the appellant, there was no evidence that she was doing so at the time she was killed, and the sole defense was that the killing was an accident. Where there is no evidence requiring a charge on voluntary manslaughter, it is not error to fail to charge it. *Brooks v. State,* 227 Ga. 339 (3) (180 SE2d 721).

3. The fourth enumeration of error urges that the trial court erred in not charging the jury that its verdict must be unanimous.

There is no merit in this position.

The appellant did not object to the charge as given, did not request a charge on unanimity and did not demand or request that the jury be polled when the verdict was returned.

This "enumerated error attempts to raise for the first time a question which was not raised in the trial court and therefore presents nothing for decision. [Cits.]" *Watson v. State,* 227 Ga. 698, 699 (182 SE2d 446).

4. Since appellant states that he has abandoned his enumeration of error 7, the final error raised in this appeal objects to the judge's instruction in which he stated: "Now Ladies and Gentlemen, the defendant in this case contends that the crime was committed. . ."

This enumeration is not meritorious.

No objection was made at the trial level to the use of the word "crime," and there is therefore nothing for this

court to review. *Watson v. State,* 227 Ga. 698, supra.

No error appearing in any of the contentions made by the appellant, the judgment is

*Affirmed. All the Justices concur.*