*Scheer & Elsner, Robert A. Elsner,* for appellees.

## 49733. ELSASSER v. THE STATE.

DEEN, Judge.

1. "When a party accedes to an instruction by specifically stating no objection, he cannot now complain." *Gearin v. State,* 127 Ga. App. 811 (2) (195 SE2d 211). Where no objection is made to the charge as given "there must have been a substantial error in this charge which was harmful as a matter of law in order for this court to consider and review it." *Parks v. State,* 230 Ga. 157 (1) (195 SE2d 911). Here, appellant complains that the court charged on good character as a defense, limiting its application to the codefendant Miller. Elsasser had introduced no evidence of good character. Miller testified that he "had never been in trouble with the law before,"

a statement which the trial court interpreted as putting his general character in issue. Under these circumstances, where the appellant elected not to sever, not to introduce character evidence in his own behalf, and where his attorney, when asked if he had any comment on the charge as given replied in the negative, we find no reversible error as to Elsasser in the court giving Miller the benefit of an instruction on good character as a defense.

2. The defendant, indicted for murder, was convicted of involuntary manslaughter in the commission of an unlawful act and complains of the court's failure to charge the lesser grade of involuntary manslaughter in the commission of a lawful act "in an unlawful manner likely to cause death or great bodily harm." Code Ann. § 26-1103 (b). Elsasser and Miller both testified: The latter stated that the two of them took the decedent to a ditch by a roadside and near a wood, both had intercourse with her, the defendant severely beat her until Miller pulled him off; Miller left the two together. Appellant admitted "slapping" the victim and being stopped by Miller; he admitted that Miller left first and that he later drove off in a taxicab and left her "behind the truck." The body skeleton was found at the edge of the woods over a year later, with dress and underclothing torn and buried nearby. Several ribs had been broken close to the time of death; the wounds could have been inflicted (as Miller described) by kicking and beating, and according to the testimony of one of the officers the defendant also admitted that he had kicked the decedent, and Miller testified that she was bleeding. The beating and abandonment were unlawful acts, and the charge as given was correct. See *Biegun v. State,* 206 Ga. 618, 624 (58 SE2d 149); *Kimball v. State,* 63 Ga. App. 183 (13), 188 (10 SE2d 240).

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 30, 1974 — DECIDED OCTOBER 10, 1974.

*Herndon & Hubble, Robert E. Herndon,* for

appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Stephen Pace, Jr., Assistant District Attorneys, Warren C. Grice, Roy C. Maddox, Jr., David Wansley,* for appellee.