## 50022, 50023. MORELAND v. THE STATE (two cases).

MARSHALL, Judge.

David H. and Gloria A. Moreland, husband and wife, (Cases Nos. 50022 and 50023, respectively) appeal their conviction in a joint jury trial of possession of marijuana and phencyclidine.

The state's evidence showed that detectives from the Henry County Sheriff's Office, armed with a search warrant, conducted a raid on the Morelands' apartment. When the detectives knocked on the door and announced their presence, they heard the voice of a female coming from the kitchen saying: "Put this under your dress" or "Put it in your clothes." The door was then opened by Gloria Moreland, whereupon the detectives found another female, Miss Bush, in the apartment and no one else. Phencyclidine tablets were discovered inside the underclothes of Miss Bush, and in various places throughout the apartment. Two tablets were found on the kitchen floor. A plastic bag containing phencyclidine tablets was found on top of the dresser in the Morelands' bedroom. The detectives also found marijuana in a plastic bag on top of the same dresser and more marijuana in a linen closet in the hall. Cigarette butts containing marijuana were found in the living room.

David Moreland was not in the apartment at the commencement of the search but was observed driving up to the apartment while the search was in progress. When a detective walked out of the front door of the apartment, Moreland drove away at a high rate of speed. The detectives gave chase and apprehended him less than one-half mile from the apartment.

The only defense witness, Miss Bush, the sister of Gloria Moreland, testified that she occupied the apartment with the Morelands; that she had lived there for over three months prior to the raid and that during that time she shared the expenses and payment of rent, had her own key, and otherwise had free and equal access to the apartment. She further testified that all the drugs in question belonged to her, that they were brought into the apartment by a friend of hers who asked her to hold

them for her; that she hid the drugs throughout the apartment to keep the Morelands and their child from knowing about them; that she had put them out in the open just before the raid, while Gloria Moreland was taking a shower, so she could "round them up" and "stash" them outside the apartment; and that to the best of her knowledge neither Gloria nor David Moreland knew of the presence of the drugs. *Held:*

1. Appellants contend there was a lack of proof of guilt beyond a reasonable doubt and for that reason the court erred in denying their motions for verdicts of acquittal which were made after the state's case, after the defense's case, and non obstante veredicto. "It is well settled that where contraband is found in a house the presumption is that such contraband was possessed by the head of the household. *Barron v. State,* 46 Ga. App. 829 (169 SE 323); *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687). However, where others, not members of the defendant's household, live there and have equal access to the same, this rule cannot be applied. *Toney v. State,* 30 Ga. App. 61 (116 SE 550); *Harper v. State,* 85 Ga. App. 252 (3) (69 SE2d 102); *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480); *Ivey v. State,* 226 Ga. 821, 824 (177 SE2d 702)." *Reed v. State,* 127 Ga. App. 458, 459 (194 SE2d 121). "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 42, supra. See also *Russell v. State,* 132 Ga. App. 35 (207 SE2d 619); *Morris v. State,* 119 Ga. App. 157 (166 SE2d 382) and *Brown v. State,* 94 Ga. App. 542, 545 (95 SE2d 302).

Applying the above rule to David and Gloria Moreland requires the reversal of conviction of David Moreland. The latter, though he was an occupant of the apartment, was not present at the time of the search. His constructive knowledge cannot be predicated on the fact that drugs were found in a household of which he is the head, where others, who were not members of his household, live in the same house. See *Harper v. State,* 85 Ga. App. 252 (3), supra, where the court refused to broaden the term "member of his household" to include

the mother of defendant who was living in the same house. Nor can guilty knowledge be predicated on his attempted flight from the scene. " 'Neither presence, nor flight, nor both together without more, is conclusive of guilt.' *Griffin v. State,* 2 Ga. App. 534 (58 SE 781)." *Williams v. State,* 126 Ga. App. 350, 355 (190 SE2d 785). The testimony of Miss Bush, which is unimpeached and unrebutted, makes it "affirmatively appear" that she had equal opportunity to commit the crime. Compare *Brown v. State,* 130 Ga. App. 11 (2) (202 SE2d 268). The circumstantial evidence presented by the state is therefore insufficient to exclude every reasonable hypothesis save that of guilt of this defendant. Code § 38-109.

However, as to Gloria Moreland, her presence in the apartment where the drugs were found in the open, coupled with the testimony of two detectives of their having overheard a remark coming from within the kitchen of the apartment to hide the drugs, makes her knowledge of the presence of the drugs a question of credibility for the jury. Insofar as Gloria Moreland is concerned the jury chose not to believe the testimony of Miss Bush, and to believe the testimony of the detectives. The circumstantial evidence is sufficient, even under the equal opportunity doctrine, to exclude every *reasonable* hypothesis save that of guilt of Gloria Moreland.

2. Photographs showing a wine bottle, a "water pipe," and a bayonet were not inadmissible as irrelevant and inflammatory as contended by appellants. We, too, fail to see the relevancy of these items to the offenses charged. Nevertheless, we see no harm in their admission as the jury could only infer an innocuous purpose for their possession. The testimony of a detective on cross examination was that there was no residue of any drug on either the wine bottle or the "water pipe" and no evidence that they had "ever been used for anything other than an ornament or a piece of decoration." The bayonet was in the same photograph with the illegal drugs. There was no evidence of its being used by the appellants for a sinister purpose. " 'Error to be reversible must be harmful.' *Owens v. Service Fire Ins. Co.,* 90 Ga. App. 553 (83 SE2d 249)." *Dukes v. State,* 109 Ga. App. 825, 829 (137 SE2d 532). "The admission of irrelevant testimony, where it is not

shown that it was also prejudicial, does not constitute reversible error." *Lanier v. State,* 187 Ga. 534 (2) (1 SE2d 405). The mere presence of the bayonet in the photograph, without more, does not demonstrate prejudice. But see *Lane v. State,* 126 Ga. App. 375 (5) (190 SE2d 576).

3. Appellants' fifth enumeration of error, that the court erred in admitting testimony of appellant smoking marijuana on previous occasions, is without merit, as it appears from the record that this testimony was elicited from a witness by defense counsel's own questions, the response to which he made no objection. See e. g. *Starr v. State,* 229 Ga. 181 (1) (190 SE2d 58); *Brown v. State,* 226 Ga. 114 (3) (172 SE2d 666).

4. Appellants' sixth enumeration of error is without merit where the record does not show that defense counsel requested a charge on the "equal opportunity" doctrine nor objected to the charge given, and there is no "substantial error . . . which was harmful as a matter of law." *Parks v. State,* 230 Ga. 157 (1) (195 SE2d 911); *Elsasser v. State,* 132 Ga. App. 868 (209 SE2d 686).

5. The appellants' seventh enumeration is directed to the remarks of the district attorney in closing argument. The specific remarks to which appellants object are not made a part of the record, and therefore the appellants have not supported this enumeration by the record. See *Bridges v. State,* 227 Ga. 24 (2) (178 SE2d 861); *Sheffield v. State,* 124 Ga. App. 295 (a) (183 SE2d 525). Even if the remarks were as summarized in appellants' brief, the judge sustained an objection to one remark and instructed the jury to disregard it and gave adequate instruction as to the role of closing arguments by counsel and the responsibility of the jury to determine what the facts were in the case. We find no error here.

*Judgment reversed as to Case No. 50022. Judgment affirmed as to Case No. 50023. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED JANUARY 16, 1975.

*William L. Auld,* for appellants.
*Edward E. McGarity, District Attorney, Kenneth*

*Waldrop, Assistant District Attorney,* for appellee.