## 51100. M. W. W. v. STATE OF GEORGIA.

MARSHALL, Judge.

This appeal concerns the sufficiency of the evidence to support the findings of the juvenile court judge. There were two petitions against the appellant juvenile upon which the judge based his findings of delinquency and committed the appellant to the Division of Children and

Youth.

The first petition alleges that appellant violated the Georgia Controlled Substances Act in that on August 24, 1974, a police officer found in an apartment, which appellant was occupying at the time with two other males, marijuana in a drawer in a vanity and a "poach [sic] of suspected marijuana and poach [sic] clip on table in living room."

The second petition alleges that appellant violated the same Act, in that, on August 25, 1974, a police officer knocked on the door of the same apartment and was met by appellant at the door while another occupant ran out the back with a brown paper bag which was later determined to contain marijuana.

The state's evidence in support of these allegations consisted primarily of testimony of policemen who assisted in the arrest of appellant and in the search of the apartment. As to the August 24 allegation the evidence showed that a police officer responded to a call at an apartment where a suspected run-away female was allegedly being held. The officer did not have a warrant. He testified, "I knocked upon the door. After approximately two to three minutes the door opened. A subject named Schofield opened the door. I asked him his name, he told me. I asked if this was his apartment and he said yes. I then asked him if I could come in and talk with him and he said yes. We then went in the apartment. (With the other officers). From the time that we went in I noticed on the table in the living room, hyperdermic syringes, cigarette papers, and what we believed to be marijuana cigarette smoldering in an ashtray." Another policeman testified, "When we got inside, I could see the roach and the roach clips in the ashtray on the right side." Appellant and Schofield were standing in the living room at the time, and another male was in a back bedroom. Schofield was the named lessee of the apartment. Appellant testified that he did not know there were drugs in the apartment, but that he had just stopped by there on the way home from work. He stated that he did not live there but did spend the night there on occasion. A personal search of Schofield and appellant revealed a marijuana cigarette on Schofield but no illegal

drugs on appellant.

As to the August 25 allegation, a police officer testified that around 4 p.m. he knocked on the front door of the same apartment looking for another run-away female. Another policeman went around to the back of the apartment. Appellant admitted the officer who immediately heard a shout from the policeman in back of the building that someone was climbing out the back window carrying a brown paper bag. That person was later apprehended and identified as Schofield. The paper bag was found in the woods and later determined to contain marijuana. There were no illegal drugs found in the apartment nor on the appellant's person, though the policeman said when he entered he smelled a "strong odor of smoke which I thought smelled like marijuana smoke."

In both instances the juvenile court judge found this evidence sufficient to show appellant was in possession of the marijuana. In his appeal, appellant contests the validity of the warrantless searches and seizures and the sufficiency of the evidence. *Held:*

Pretermitting the question of legality of the searches and seizures made in the apartment, we find the evidence was insufficient under both petitions to support the findings. Under the Juvenile Court Code (Ga. L. 1971, pp. 709 et seq.) the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt. Ga. L. 1971, pp. 709, 732 (Code Ann. § 24A-2201 (b)). See *Robinson v. State,* 227 Ga. 140, 141 (179 SE2d 248); *T. L. T. v. State,* 133 Ga. App. 895, 898-99 (212 SE2d 650).

The first petition charges that marijuana was found in a vanity drawer in the apartment, but the evidence did not show the appellant was connected with the vanity. Indeed, the state's evidence did not mention the vanity at all. This petition also charges that a "poach" and "poach clip" was found on the living room table, but again there is no evidence connecting appellant with it. There were at least two other occupants of the apartment who were present when the officers knocked on the door, and who had equal access to the living room table.

The second petition is also unsupported by the evidence. While the evidence does show that an occupant of the same apartment in which appellant was present fled through a back window with a bag containing marijuana, the evidence does not show possession by appellant, either actual or constructive.

"The evidence totally fails to show that the defendant was in either actual or constructive possession of the . . . marijuana." *Phillips v. State,* 133 Ga. App. 392, 393 (210 SE2d 858). "Presence at the scene of a crime and nothing more will not support a conviction." *Blankenship v. State,* 135 Ga. App. 482, 483 (218 SE2d 157). For cases reaching the same result on similar factual situations, see *Braden v. State,* 135 Ga. App. 827 (219 SE2d 479); *Blankenship v. State,* supra; *Moreland v. State,* 133 Ga. App. 723 (212 SE2d 866); *Phillips v. State,* supra; *Russell v. State,* 132 Ga. App. 35 (207 SE2d 619); *Reed v. State,* 127 Ga. App. 458, 459 (194 SE2d 121); *Jones v. State,* 127 Ga. App. 137 (6) (193 SE2d 38); *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480); *Brown v. State,* 94 Ga. App. 542, 545 (95 SE2d 302).

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 17, 1975 — DECIDED
NOVEMBER 7, 1975.

*Thomas F. Nicholson,* for appellant.
*William H. Ison, District Attorney, Eugene E. Lawson, Assistant District Attorney,* for appellee.