### 52963. BASS v. THE STATE.

McMURRAY, Judge.

Defendant was convicted of possession of a controlled substance (Phencyclidine) in Count 1 and possession of marijuana in Count 2. She was sentenced to serve a term of four years on each count. Motion for new trial was filed and denied. Defendant appeals.

A search warrant was executed and an apartment allegedly under the control of a black male known as "James" was conducted in the City of Columbus, Georgia. Four people were found therein, including the defendant. The contraband for which the defendant was convicted was found upstairs behind a television set and in a dresser drawer containing male clothes. The room also contained

women's clothing. A male co-defendant by the name of Jimmy Lee Smith was found asleep in a second bedroom. All defendant's enumerations of error except one are concerned with the sufficiency of the evidence and also that a verdict of acquittal should have been directed in favor of the defendant. The other enumeration of error complains of a statement made to the jury upon request during their deliberation as to what happened to the co-defendant. The court replied that a verdict of not guilty by direction of the court had been entered, and he was released so your deliberation is thereby confined solely to the guilt or innocence of the defendant.

1. Defendant contends that the evidence being based on circumstantial evidence must not only be consistent with the hypothesis of guilt, but shall exclude every other hypothesis save that of guilt of the defendant. Likewise, the evidence showing that the search warrant having been issued for the premises of "James" and other persons other than the defendant having equal opportunity to commit the crime, the evidence was insufficient to support the verdict. But this case is not based on circumstantial evidence alone, but upon direct evidence, hence the above rule contained in Code § 38-109 does not apply.

Further, there was evidence that the premises were rented by the defendant, and the evidence was sufficient to support the verdict of guilty even though the contraband could have been the property of defendant's boyfriend, or male friend, "James." It is well settled that where contraband is found in a house, the presumption is that such contraband was possessed by the head of the household. *Barron v. State,* 46 Ga. App. 829 (169 SE 323); *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 689); *Moreland v. State,* 133 Ga. App. 723, 724 (1) (212 SE2d 866). The defendant here rented the premises where the contraband was found and this makes a question of credibility for the jury to determine as to whether she was guilty of possession. See *Moreland v. State,* 133 Ga. App. 723, 725 (1), supra. There was direct evidence of the defendant's presence at the time her home was searched and the drugs found, and it was a function of the jury to determine whether they would believe the evidence offered by the state or that offered by the defendant wherein she

contends she had no knowledge of the drugs. *Huff v. State,* 135 Ga. App. 134 (1) (217 SE2d 187).

2. The entire testimony showed that the co-defendant, the male named Jimmy Lee Smith, was a mere visitor at the time of the search and was not the boyfriend or male friend of defendant by the name of James Edward Thomas, Jr. *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480); *Moreland v. State,* 133 Ga. App. 723, supra. The court elected to direct the verdict and release him. However, the substance of defendant's enumerations of error as to the statement made to the jury surrounding what happened to the co-defendant is an argument by defense counsel that this made it absolutely necessary for the jury to find the defendant guilty. Counsel argues that Code Ann. § 81-1104 prohibits the expression or intimation by a trial judge of his opinion of what has or has not been proved or as to the guilt of the accused. However, the statement complained of did not intimate an opinion as to the legal status of the defendant so as to amount to error. The case of *Hayes v. State,* 136 Ga. App. 746 (1) (222 SE2d 193), with reference to a taking of a guilty plea from a co-defendant in the presence of the entire jury panel is not in point here. Rather, Division 2 of the *Hayes* case supports the view that the court did not err in the explanation to the jury. The court did not err in denying the motion for mistrial based upon the response of the court to the question by the jury which allegedly resulted in a jury conviction less than five minutes after the jury had requested this information.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED NOVEMBER 8, 1976 — REHEARING DENIED DECEMBER 15, 1976 — 

*Grogan, Jones, Layfield & Swearingen, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.