57595. MITCHELL et al. v. THE STATE.

CARLEY, Judge.

The appellants were indicted and tried on two counts of violating the Georgia Controlled Substances Act. They appeal their convictions. We reverse.

1. The appellants made a pre-trial motion to suppress evidence; overruling of that motion is cited as

the first enumeration of error. It is urged that the motion should have been granted because the warrant was a general search warrant and also that it was not issued on probable cause. Code Ann. § 27-313 (a) (2).

At the hearing on the motion it was established that the warrant was issued solely upon the sworn affidavit of a police officer. His affidavit stated there was probable cause to believe "that on the person of Jerry R. Mitchell and that on the premises known as 4675 Stonewall Tell Road, Fulton County, Ga. . . . there is now being concealed certain property, to-wit: Marijuana . . ."

The facts upon which the officer relied to establish probable cause were stated in the affidavit as follows: "Within the past 72 hours, this officer received information from a confidential and reliable informant who stated that at the above location there is now being stored marijuana. The informant stated that the marijuana was personally seen by the informant at the above described location within the past 72 hours. The informant has proven to be reliable by giving information that led to the arrest and conviction of numerous drug violators within the past 365 days."

Based upon this affidavit a warrant was issued to search the "person" of the appellant and the named premises. The incriminating evidence was discovered during a search executed pursuant to this warrant.

It is the appellants' argument that the warrant is invalid because the officer swore that probable cause existed to search the "person of Jerry R. Mitchell," but the facts upon which probable cause was established refer not to Mitchell but to the "location." It is thus urged that the warrant must be invalidated as a general search warrant. This argument is without merit. Here, as in *Fowler v. State,* 128 Ga. App. 501 (a) (197 SE2d 502) (1973), "the incriminating evidence was found as a result of the search of the premises described in the warrant as opposed to the person. The description of the premises was sufficient for it particularly gave an exact location. Thus the warrant was not a general warrant as it related to the premises searched."

We thus turn to the question of whether the affidavit sets forth sufficient facts to establish probable cause to

search the premises. It is clear that the requirements necessary to establish probable cause based upon information supplied by an unidentified informant are met in this affidavit. The reliability of the informer is shown by a past history of reliability. *Steele v. State,* 118 Ga. App. 433 (3c) (164 SE2d 255) (1968). It specifically states how the informant obtained the information — by personal observation. Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d 637) (1969). Compare *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698) (1972). And the statement that marijuana "is now being stored," having been seen by the informant within three days preceding the issuance of the warrant, amply demonstrates that the information was current and not stale. *Lewis v. State,.* 126 Ga. App. 123 (2b) (190 SE2d 123) (1972).

The affidavit was sufficient to establish probable cause for the issuance of a search warrant. *Lewis v. State,* 144 Ga. App. 847 (2) (242 SE2d 725) (1978). The motion to suppress was properly denied.

2. At the close of the state's evidence the appellants moved for a directed verdict of acquittal. It is urged that the denial of this motion was error.

The evidence adduced by the state consisted of the following: The premises of 4675 Stonewall Tell Road were searched pursuant to the warrant. The appellants were present, along with several others. Cocaine was discovered in the washing machine and marijuana in the kitchen. An arrest of Mr. and Mrs. Mitchell was then made.

The appellants argue that this evidence does not support a finding that they were in possession of the drugs. It is clear that this evidence does not show actual possession in the appellants and to support a finding that the appellants were in constructive possession of contraband the circumstantial evidence must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. See generally *Ennis v. State,* 130 Ga. App. 716 (2) (204 SE2d 519) (1974).

A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. *McCann v. State,* 137 Ga. App. 445 (2) (224 SE2d 99) (1976). This

connection can be established by evidence which shows the contraband was discovered on premises occupied by and under the control of the accused with no equal right of access and occupancy in others. *Ivey v. State,* 226 Ga. 821 (4) (177 SE2d 702) (1970).

In this case there was no testimony that either appellant owned, leased or resided in the premises located at 4675 Stonewall Tell Road. Although Jerry Mitchell was named in the affidavit for search warrant, said affidavit indicated probable cause for belief that marijuana was "on the person" of Jerry R. Mitchell. As pointed out above, the evidence at the trial showed that no contraband discovered during the search was found on the person of Mr. Mitchell. Ruby Mitchell was not even named in the affidavit for search warrant. Also, the state failed to introduce any evidence indicating that appellants, as distinguished from the other persons present, possessed, actually or constructively, any of the drugs found.

In short, there is absolutely no evidence that the appellants had any connection with the premises or its contents other than their physical presence at the time of the search. Compare e.g. *Bass v. State,* 140 Ga. App. 788 (232 SE2d 98) (1976) (premises leased by defendant). " 'Presence at the scene of a crime and nothing more will not support a conviction.' [Cit.]" *M. W. W. v. State,* 136 Ga. App. 472, 475 (221 SE2d 669) (1975). "It is well established that merely having been in the vicinity of contraband does not, without more, establish possession. [Cits.]" *Donaldson v. State,* 134 Ga. App. 755, 756 (216 SE2d 645) (1975).

At best, all the state's evidence shows is that in this house there were numerous individuals all of whom had equal opportunity to commit the crime. There was thus a total failure to establish actual or constructive possession by the appellants of contraband. We therefore conclude that the trial judge erred in denying the appellants' motion for directed verdict of acquittal. *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157) (1975).

*Judgment reversed. Banke, P. J., and Underwood, J., concur.*

ARGUED APRIL 9, 1979 — DECIDED MAY 14, 1979.

*Paul S. Weiner,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.