58881. STRICKLAND v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for possession of marijuana. *Held:*

1. Error is claimed in the denial of a motion to suppress alleged marijuana seized from defendant's residence. The first contention is that the warrant for the search was not based on probable cause. The warrant was obtained on a police officer's affidavit that a reliable confidential informant, whose past information had resulted in three arrests and convictions for drug violations, had seen drugs at defendant's described residence within the previous 24 hours; and that law enforcement officers observing defendant's residence had identified persons known to them to be involved in drugs going to and coming from the residence. In addition, before making a determination of probable cause and issuing the warrant, the issuing magistrate questioned the officer about the reliability of the informant and was told that two pounds of marijuana would be there. We find the information sufficient to establish probable cause. *Fowler v. State,* 128 Ga. App. 501 (197 SE2d 502).

It is also contended that the warrant was improperly executed because the police officers did not give verbal notice before entering defendant's residence as required by Code Ann. § 27-308. The officer who executed the warrant testified that several officers went to defendant's trailer, knocked on the door, announced they were police officers, and said, "open up." Receiving no response because no one was in the trailer, the officers obtained a pass key from the trailer park manager and entered the trailer through the back door. A neighbor and friend of defendant whose trailer was across the street testified that he watched the police when they came to the trailer and that the police made no announcement before

entering. The evidence was sufficient to authorize a finding that verbal notice was given. See *Jackson v. State,* 129 Ga. App. 901, 905 (201 SE2d 816). Not being clearly erroneous, the trial court's fact and credibility determinations on this motion must be accepted. *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689).

2. Error is claimed on the denial of a motion for a directed verdict of acquittal because the trailer park manager had equal access to defendant's trailer. Evidence that the manager had a pass key in his possession, without any evidence he had ever been in the trailer, much less having lived there or been a frequent visitor, does not show equal access as found in *Moreland v. State,* 133 Ga. App. 723, 724 (212 SE2d 866). That case also recites the rule applicable here, that "where contraband is found in a house the presumption is that such contraband was possessed by the head of the household. [Cits.]" Id. at 724. This contention is without merit.

3. The day after the search of his trailer, defendant, who was not yet in custody, went to the police station, sought out the officer who had obtained and executed the search warrant, and asked to see the marijuana that had been seized. The officer testified that he let the defendant examine the marijuana and that he said, "this is not my stuff, my stuff is better than this" and "if you would have got there earlier, you would have got close to two pounds." Defendant objected to this testimony because a foundation of warning and voluntariness had not been established. Determining that defendant was not in custody at the time nor being questioned, the court overruled the objection. Defendant made no further objections to the testimony, nor did he request a hearing out of the presence of the jury concerning the statements. On cross examination during his testimony defendant admitted going to look at the marijuana but denied making the statements. Error is now claimed because the "confession" was admitted without a voluntariness hearing. We do not find error. Defendant did not request a separate hearing and none was required. Defendant's statements were not a confession. *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210). There was no voluntariness issue because the statements were obviously spontaneous

and unsolicited. No warnings were required as defendant was not in custody. *Wilburn v. State,* 230 Ga. 675, 679 (2) (198 SE2d 857).

4. The final enumeration is that the court erred in denying a motion for a new trial based on general grounds as well as several specific grounds including those discussed above. None of the specific grounds is meritorious. There was no error in denying the motion on the general grounds as we find sufficient evidence in the record that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 10, 1980.

*Johnny B. Mostiler,* for appellant.
*John T. Newton, Jr., Solicitor,* for appellee.