74613. HOLLAND v. THE STATE.
(363 SE2d 589)

McMURRAY, Presiding Judge.

Defendant Holland appeals his conviction of the offense of possession of more than one ounce of marijuana. *Held*:

Defendant's first five enumerations of error raise issues as to sufficiency of the evidence. The contraband upon which defendant's conviction is predicated was found during a search of a mobile home. The mobile home in question was located in a trailer park owned and operated by Avans. On October 1, 1985, Avans rented the mobile home to Stevens and at that time Stevens was the sole occupant of the mobile home. On approximately October 18, 1985, Stevens left the trailer.

Subsequently, Stevens had a conversation with Avans which prompted Avans to go to the trailer twice and engage in brief conversations with Glenda Mae Estes (this individual also known as Glenda Durham was also charged with possession of more than one ounce of marijuana, tried jointly with defendant and convicted). The purpose of both of these visits by Avans was to regain possession of the premises for Stevens. In this connection we note that while Avans testified as to statements he made during these visits which presumed defendant was an occupant of the premises, Avans lacked any knowledge of defendant's occupancy, dominion, or control over, or even presence upon the premises (prior to the time of the search) independent of the hearsay statements made by Stevens. During the course of these visits Avans learned of the presence of marijuana upon the premises and contacted law enforcement officials.

On October 24, 1985, following a conversation with Stevens and Avans, and under the authority of the consent of Stevens, law en-

forcement officers conducted a search of the premises. At the time of the search both Glenda Mae Estes (a/k/a Glenda Durham) and defendant were present upon the premises. Marijuana was found in a number of locations including a styrofoam cooler, underneath a pile of clothes, in a drawer, in garbage bags in the kitchen, in medicine bottles and marijuana leaves and residue were found in the oven. However, no contraband was found on defendant's person. There was no evidence that any of the marijuana was found in plain view or among any personal possessions of defendant. There was no evidence discovered during the search which suggested defendant lived in the trailer or had any contractual right to be there. One of the law enforcement officers who conducted the search acknowledged that the trailer was easily accessible to individuals other than defendant.

Stevens was deceased at the time of trial. Testimony relating statements attributed to Stevens was admitted for the limited purpose of explaining the conduct of certain law enforcement officers. See OCGA § 24-3-2. However, in view of the limited purpose for which it was admitted, this testimony, which might suggest that the defendant resided in the trailer, may not be considered in determining whether defendant's conviction was authorized by the evidence. "In short, there is absolutely no evidence that [defendant] had any connection with the premises or its contents other than [his] physical presence at the time of the search. Compare, e.g., *Bass v. State*, 140 Ga. App. 788 (232 SE2d 98) (1976) (premises leased by defendant). ' "Presence at the scene of a crime and nothing more will not support a conviction." [Cit.]' *M. W. W. v. State*, 136 Ga. App. 472, 475 (221 SE2d 669) (1975). 'It is well established that merely having been in the vicinity of contraband does not, without more, establish possession. [Cits.]' *Donaldson v. State*, 134 Ga. App. 755, 756 (216 SE2d 645) (1975)." *Mitchell v. State*, 150 Ga. App. 44, 47 (2) (256 SE2d 652). See also *Morris v. State*, 161 Ga. App. 141, 143 (5) (288 SE2d 102); *Blount v. State*, 181 Ga. App. 330, 333 (2) (352 SE2d 220). The State's evidence fails to establish actual or constructive possession of the contraband by defendant. Thus, the trial court erred in denying defendant's motion for directed verdict of acquittal.

*Judgment reversed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur because the evidence connecting Holland with possession of marijuana, other than the evidence that he was present and, by a reasonable inference, was spending the night in the trailer when the marijuana was seized, are statements of the deceased trailer renter Barney Stevens. His statements to the landlord and the police, who both testified, that he wanted "Randy" and "Glenda" and their

marijuana out of the trailer and to regain possession of the trailer himself, were admitted solely for the purpose of explaining conduct. Whether that was a correct ruling or not, the point is that this evidence was not admitted for its substantive value as to defendant's guilt.

It is arguable that it was generally admissible, as declarations against Stevens' own interest, OCGA § 24-3-8, because he was advising his landlord and the law enforcement officers that there was marijuana in his trailer. This would lend that character of trustworthiness to the statements which, together with the other prerequisite of necessity occasioned by Stevens' death before trial, might overcome a hearsay objection. See *Irby v. Brooks*, 246 Ga. 794, 796 (I) (273 SE2d 183) (1980); *Gentile v. Miller, Stevenson & Steinichen*, 182 Ga. App. 690, 692 (1) (356 SE2d 666) (1987). But even if this were the case, the exclusion of this evidence as substantive evidence of possession precluded a finding of guilt beyond a reasonable doubt.

DECIDED NOVEMBER 19, 1987 —
REHEARING DENIED DECEMBER 1, 1987 — ▮▮▮▮▮

*James A. Meaney III*, for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Assistant District Attorney*, for appellee.