## 55758. FRAZIER v. THE STATE.

BELL, Chief Judge.

Defendant appeals from his conviction of burglary.
*Held:*

1. At trial a co-indictee testified for defendant to the effect that defendant was not involved in the criminal enterprise. On cross examination, the state used the co-indictee's statement to law enforcement officers to impeach his testimony. Defendant failed to request any limiting instruction that the statement could only be considered for the purpose of impeaching the witness, and did not except to the instructions given. The defendant in a criminal case is exempted from the strict requirements imposed on civil litigants to preserve an issue on the failure to give instructions. However, this does not relieve him from the necessity of requesting instructions or making timely objections in the trial court on the failure to give instructions. *Spear v. State,* 230 Ga. 74 (195 SE2d 397). The court instructed the jury on impeachment by proof of contradictory statements, and the failure of the court to more precisely define the limited purpose of this statement in absence of a request is not a basis for reversal.

2. Defendant contests the voluntariness of a confession he made to a Georgia Bureau of Investigation agent. At a Jackson-Denno hearing, the defendant testified that he was threatened with bodily harm by another agent, that he could not read, and that the agent refused to read the transcript of the statement he made to him. The agent present while the confession was taken testified for the state that defendant was advised of and understood his rights, that he wanted to talk to the agents, and that defendant read his statement and was told changes would be made if necessary. After hearing the evidence, the trial judge concluded that the state had made a sufficient preliminary showing that the defendant voluntarily confessed after understanding and waiving his rights. Factual and credibility determinations made by a trial judge after a suppression hearing must be accepted by appellate courts unless the determination is clearly erroneous. *Johnson v. State,* 233 Ga. 58 (209 SE2d

629). The evidence authorized the ruling that the state proved voluntariness by a preponderance of the evidence. *High v. State,* 233 Ga. 153 (210 SE2d 673).

3. Defendant's final enumerations of error are unsupported by citation of authority or argument and must be treated as abandoned. *Pate v. State,* 137 Ga. App. 677 (225 SE2d 95).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED MAY 15, 1978 — DECIDED JUNE 15, 1978.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Loggins & Murray, Hulon Murray,* for appellant.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.