## 57672. VIENER v. THE STATE.

BIRDSONG, Judge.

Leonard Carl Viener was convicted of rape and sentenced to serve six years. He brings this appeal enumerating ten alleged errors. *Held:*

1. The first four enumerations are related to the sufficiency of the evidence to support the conviction. The only defense offered by the appellant was that of alibi. The evidence offered by the prosecutrix showed that the appellant accosted her on the street, offered her a ride and when she refused, he seized her and either threw her into the car or forced her to enter the car by the display of a gun. Appellant took the victim to a wooded area in an area off of Monroe Drive in Atlanta near I-85 and there disrobed himself and ordered the victim to take off her clothing. The victim's testimony was that she did not physically resist because she was frightened for her own life as well as for her unborn child, she being pregnant at the time. The issues of alibi, force, lack of consent, and lack of resistance induced by fear were all fully presented to the jury by lawful and complete instructions by the trial court. This court does not pass on the weight of the evidence, that being a matter left exclusively to the trial forum. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461). It is our duty, on appeal, to determine whether the verdict as rendered can be sustained under any reasonable view

taken of the proofs submitted to the jury. *Powell v. State,* 235 Ga. 208 (219 SE2d 109). That standard is satisfied in this case. There was no error in the denial of the motion for a directed verdict of acquittal(*Bethay v. State,* 235 Ga. 371 (219 SE2d 743)) nor in denying the motion for new trial on the same grounds. There is no merit in these enumerations of error.

2. In Enumerations of error 5 through 9, appellant complains of certain alleged hearsay evidence as to the facts relating to the rape testified to by the examining physician; the pictorial and trial identification procedure followed; the results of a laboratory analysis testified to by a police officer; the cross examination of a defense witness whereby certain allegedly improper expressions of opinion by the state's attorney occurred; and the alleged improper injection of uncharged misconduct by the state's attorney in his cross examination of appellant. We find no error in any of these occurrences. As to the purported hearsay, the doctor was testifying to his test results and the question and its answer were proper to explicate the information available to the physician and the reason for his tests. Such testimony was admissible as original evidence to explain conduct and the basis of the testing. Moreover, the very same conduct was testified to by the victim and two other witnesses to whom the victim made fresh complaint. At worst, the testimony of the doctor as to the complaint of the victim was cumulative.

We find no error in the pictorial lineup. The procedures followed were not suggestive and followed accepted practice. There is no right to counsel at a pre-indictment pictorial lineup. The in-court identification was based upon the witnesses' recollection of the appellant at the time of the rape. The testimony of the police officer as to the results of certain lab tests on the victim's clothing was at worst harmless. The victim testified to penetration and the examining physician testified that spermatozoa had been found in the victim's vagina. This evidence rendered the testimony that the sperm had been found on the victim's clothing cumulative at best and certainly harmless. The two occurrences of cross examination perhaps showed too much zeal on the part of the prosecutor. Nevertheless, the state as well as

the defendant in a criminal case is entitled to a searching cross examination. The state's attorney did not exceed the limits of propriety.

As indicated, we have found no error in the admission of evidence, the scope of cross examination, or the argument of counsel. While it is true that no objection is required to exclude hearsay, the purported hearsay was admissible as original evidence. In each of the alleged errors, we note that the appellant entered no objections. In this state, it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised. *Sides v. State,* 213 Ga. 482, 487 (99 SE2d 884); *Campbell v. Wilson,* 143 Ga. App. 656 (239 SE2d 546). In the absence of objection the trial court does not commit reversible error in allowing the evidence. *Williams v. State,* 238 Ga. 244 (232 SE2d 238). These enumerations lack merit.

3. In his last enumeration of error, appellant complains that a modified "Allen" charge was coercive and prejudicial. This exact charge has been held to be a correct and proper charge. *Hardy v. State,* 242 Ga. 702, 706 (251 SE2d 289). There is no merit in this enumeration.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED JUNE 5, 1979 —

*Garland, Nuckolls, Kadish & Cook, William M. Warner, Edward T. M. Garland,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.