## 37779. CUNNINGHAM v. THE STATE.

MARSHALL, Justice.

This is a companion case to *Cunningham v. State,* 248 Ga. 558 (284 SE2d 390) (1981), against the appellant's husband, James. Appellant Emma Cunningham was indicted for burglary, armed robbery, and murder. She pleaded not guilty, waived jury trial and was tried and sentenced by the court. On motion of the appellant, the trial court dismissed the burglary count. The appellant was found guilty of armed robbery and murder. She was sentenced to death on both counts, upon a finding of two aggravating circumstances.

The facts surrounding the murder of William B. Crawford are adequately set forth in the companion case and will not be repeated here.

Enumerations of error one through six assign error on the following: overruling of the appellant's motion for new trial on the general grounds, failure to establish a conspiracy, failure to corroborate her statement, and admitting evidence relating only to the co-defendant.

1. " 'Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, *or by inference, as a deduction from acts and conduct,* which discloses a common design on their part to act together for the accomplishment of the unlawful purpose.' (Emphasis supplied.) *Chappell v. State,* 209 Ga. 701, 702 (75 SE2d 417) (1953)." *Stroud v. State,* 154 Ga. App. 852 (2) (270 SE2d 69) (1980). The state relied on the defendant's statements, both oral and written, which acknowledge her presence at the scene of the crime, although each time she said she accompanied her husband to the victim's house to get cigarettes. However, the investigating officer testified that, at the oral interview concerning her written statement, the defendant admitted that she and her husband planned the robbery the morning of January 1. She also admitted that on the evening when they went to the victim's home, she took the wallet from the bedroom while the husband beat the victim. This testimony, along with other circumstantial evidence and the parties' flight from the state, would authorize a finding of conspiracy. *Llewellyn v. State,* 241 Ga. 192 (3) (243 SE2d 853) (1978).

2. However, the appellant in her 7th and 8th enumerations of error contends that her statements were inadmissible in that they were not given freely, nor voluntarily, nor with a valid waiver of her right to consult with her attorney and have her attorney present during questioning.

The appellant testified that her husband was allowed to see her

in jail; she testified: "He said, help me, Babe. He said, tell them people that you were, he said to tell them there people that you was with me. If you don't, he said, Mr. Danner said you won't see your children no more." The state's rebuttal witness, a fellow prisoner, testified that the appellant's husband told the appellant that if she didn't tell the truth she wouldn't see her children. The witness also testified that no law enforcement officer was present while these statements were made to the appellant.

The state presented evidence that the appellant was given her Miranda warnings at each instance in which she was interrogated, and that no hope of benefit or threats were made in order to obtain the statements. The appellant denied that she was advised of her Miranda rights.

The trial judge, after hearing the evidence, admitted the statements. A confession otherwise admissible is not inadmissible because it is prompted by the advice of a relative of the defendant. *Dick v. State,* 246 Ga. 697, 700 (2) (273 SE2d 124) (1980). The trial judge resolved the issues in favor of admissibility, and factual and credibility determinations of this sort made by a trial judge must be accepted by appellate courts unless such determinations are clearly erroneous. *McClesky v. State,* 245 Ga. 108 (3) (263 SE2d 146) (1980); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974); *Dick v. State,* supra.

The appellant further argues that since two attorneys had been appointed to represent her at the time of her third statement, the law enforcement authorities should have determined who these attorneys were and had them present before they attempted to question her. The state's evidence showed that Agent Carver, who took the statement on all three occasions, did not know that an attorney had been appointed for the appellant. However, he asked her who her attorneys were. She stated that she did not have an attorney, and her family was going to get her a lawyer. He thereafter asked her, after he had read her her rights, whether she would speak to him, and she said she would. The appellant testified that at the last interview she requested that her attorney be present.

The trial judge resolved that conflict in the evidence in favor of the state and admitted the confession. We find no error. *Dick v. State,* supra.

Furthermore, this court declines to adopt a per se rule urged by the appellant that all witnesses to a waiver of Miranda rights must be produced by the state in order to overcome testimony of a defendant disputing having received Miranda warnings in order to carry the state's burden in a Jackson v. Denno hearing.

3. The appellant next contends that her confession was not

corroborated. However, there was corroboration of the portions of the confession as to: the location of the appellant and her husband prior to their walking to the victim's house; the location of the murder; and the location of the money taken from the victim. These portions of the confession were corroborated by evidence that the appellant and her husband were seen walking from the laundry in the direction of the victim's house within the time frame of the murder; that the victim's body was discovered in the cigarette room; and that the victim kept his money in the bedroom. The state further introduced evidence that the victim died from criminal agency.

This evidence suffices to establish the corpus delicti, and corroboration of a confession in any material particular satisfies the requirements of the law. *Jones v. State,* 243 Ga. 584 (2) (255 SE2d 702) (1979); *Gilder v. State,* 219 Ga. 495 (2) (133 SE2d 861) (1963).

4. The state sought to introduce a certain wrench and clothing in evidence over objection. The evidence was tentatively admitted by the trial judge subject to being connected with the crime and properly identified. The appellant, at the close of the state's evidence, renewed the objection on the ground that the state had not connected up the evidence. The trial judge overruled the objection.

The appellant, in her 13th enumeration of error, contends that the trial judge erred in admitting this physical evidence. We agree.

The wrench was not identified as anything other than having been found in a field. The clothing was also identified only as having been found in an old well. The witness identifying the clothing carefully avoided saying whether it was a man's or a woman's clothes, nor were any of these items connected to the crime or the defendant in any manner whatsoever.

The state contends that since this was a bench trial, the trial judge is presumed to consider only the admissible evidence and reject the inadmissible. However, in the present case, the trial judge, at the close of the evidence, expressly ruled on the admissibility of this evidence. Therefore, the trial judge necessarily considered the evidence to have been properly admitted and considered it in reaching his verdict. We are unable to say that it is highly probable that the error did not contribute to the judgment. *Thomas v. State,* 248 Ga. 247 (282 SE2d 316) (1981). Consequently, the defendant is entitled to a new trial. *Hall v. State,* 244 Ga. 86 (259 SE2d 41) (1979).

5. The remaining enumerations of error need not be ruled on in that they either were raised in the appellant's husband's case, *Cunningham v. State,* supra, or would likely not reoccur at trial. However, under the present record, the appellant could not be convicted of both murder and armed robbery, since the armed robbery is an included offense. *Burke v. State,* 234 Ga. 512 (3) (216

SE2d 812) (1975).

*Judgment reversed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only. Weltner, J., not participating.*

DECIDED JANUARY 20, 1982 —
REHEARING DENIED FEBRUARY 3, 1982.

*Roger W. Dunaway, Jr., Robert H. Cofer,* for appellant.
*Kenneth Goolsby, District Attorney, Arthur K. Bolton, Attorney General, George Weaver, Staff Assistant Attorney General,* for appellee.