62880. MORRIS v. THE STATE.

SHULMAN, Presiding Judge.

While executing a search warrant at an apartment leased by Loretta Griffeth, police officers discovered appellant lying on a bed with a marijuana cigarette in his hand. A thorough search of the bedroom uncovered a 2-1/2 ounce bag of marijuana in the closet, 2.3 grams of marijuana on the dresser, and a quantity of cocaine and phencyclidine in a cigar box on the bedroom dresser. Appellant was arrested and charged with possession of the above substances in violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). A jury found appellant guilty of possession of more than one ounce of marijuana and acquitted him of the other charges. Citing eight enumerations of error, he now appeals that conviction.

Most of appellant's enumerations concern his relationship to the Griffeth apartment. It is undisputed that he neither owned nor rented it. However, in support of its position that appellant resided at the apartment, the state submitted evidence that had been unearthed during the search: work uniforms embossed with appellant's name, appellant's civilian clothes, and a paycheck stub of appellant's. While the presence of any one of these items might not have been sufficient to connect him to the apartment (see, e.g., *Jones*

*v. State,* 127 Ga. App. 137 (6) (193 SE2d 38); *Benda v. State,* 142 Ga. App. 555 (236 SE2d 535)), the discovery of all these items, coupled with appellant's presence, would support a conclusion that appellant was a resident of the apartment. See *Jackson v. State,* 129 Ga. App. 901 (201 SE2d 816). However, due to errors with respect to the admission of evidence and the jury charge, we must reverse appellant's conviction and order a new trial.

1. In spite of the above accumulation of evidence, it was erroneous for the trial court to allow to go to the jury room a tag which read "residence of L. D. Morris" and was affixed by a police officer to a set of scales discovered in the apartment. "The [fact] in the [tag] which [was] testified to on the stand by the officer making [it] would have no place in the jury room because to allow [it] to be before the jury in the form of a written memorandum when all the other testimony in the case was oral would put the memorandum in the form of a "third witness" present with the jury in the jury room, thus lending undue emphasis to that part of the testimony. [Cit.]" *Spence v. State,* 96 Ga. App. 19, 20 (99 SE2d 309). The tag embodied a conclusion which was solely within the jury's province to make, and its presence within the jury room constituted reversible error.

2. We cannot agree with the second of appellant's enumerations of error with respect to the question of his residence. After the search was completed, appellant was taken to the police station for booking. In response to an inquiry as to his address, a standard booking question, appellant gave the address at which he had been arrested. This response was used against appellant at trial when the booking officer testified to the exchange after the trial court had determined that the statement had been voluntarily made. During the Jackson-Denno hearing, the booking officer stated that he specifically recalled asking appellant his address because "we had to prove some way that he did reside at that apartment."

Booking procedure per se is not exempt from the category of custodial interrogation. *Jenkins v. State,* 123 Ga. App. 822, 825 (182 SE2d 542). "[T]he definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." Rhode Island v. Innis, 446 U. S. 291, 302 (100 SC 1682, 64 LE2d 297). In light of the booking officer's motive in asking appellant his address, that portion of the routine booking procedure became custodial interrogation which, if the information gleaned therefrom was to be used against appellant, had to be preceded by informing appellant of his rights. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). It is apparent from the trial transcript that appellant was informed of his rights prior to or during the one-hour search of

the Griffeth apartment. Since the law enforcement officials complied with the Miranda requirements and the trial court found the statement to have been freely and voluntarily made, the prosecution was authorized to use appellant's statement against him.

3. Appellant maintains that his replies to the booking officer's questions were induced by the promise of benefit inasmuch as the officer told him that the standard forms had to be completed before appellant could be released on bond. At the Jackson-Denno hearing, the trial court thoroughly examined the booking officer, who swore that he had been with or within earshot of appellant while he was at the police station and that no one had promised or given appellant anything or induced or beaten appellant into answering the questions. After hearing the evidence, the trial court found appellant's answers to have been made voluntarily "without the slightest hope of benefit or the remotest fear of injury." The jury, upon proper instruction, also found the statement to have been made voluntarily. Since neither the jury's nor the trial court's determination is clearly erroneous, this court must and does accept the lower court's finding. *Ramey v. State,* 145 Ga. App. 812 (245 SE2d 45).

4. The evidence summarized in Division 1 of this opinion, coupled with a state crime lab chemist's identification of the substance at issue as marijuana, was sufficient to support the trial court's denial of appellant's motion for a new trial based upon the general grounds. We note that the jury's verdict could not have been based upon appellant's possession of the marijuana cigarette with which he was found since it was never proven that the cigarette weighed more than one ounce.

5. Appellant criticizes the trial court's charge on the inference of constructive possession, in which charge the jury was instructed that it was authorized to infer that one who was an owner, lessee, or *occupant* of premises was in possession of all the property thereon. While conceding that this is an accurate statement of the law insofar as owners or lessees are involved, appellant questions its application as to occupants. We share appellant's concern and find the charge as given to be additional reversible error.

A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. *Mitchell v. State,* 150 Ga. App. 44, 46-47 (256 SE2d 652). Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. See *Mason v. State,* 146 Ga. App. 557 (4) (247 SE2d 118).

However, a mere occupant, as distinguished from a resident, does not necessarily have the requisite control over the premises to authorize the inference that he possesses all property found thereon. If such were the case, a person's mere presence at the scene of the discovery of illegal drugs would authorize his conviction, and that plainly is not the law. See *Mitchell v. State,* supra; *M. W. W. v. State,* 136 Ga. App. 472 (221 SE2d 669); *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157). The trial court's second charge on the issue, that the inference as to an occupant extended only to that portion of the premises which he occupied, did not rectify the erroneous charge. Without a definition as to who constitutes an occupant, the charge erroneously allowed the jury to infer that one who was found on premises on which drugs were discovered was in possession of those drugs.

6. In its charge to the jury, the trial court informed the jury that the presumption of the defendant's innocence had to be overcome by evidence establishing his guilt beyond a reasonable doubt before he could be found guilty. Later, the trial court charged the jury that the inference of constructive possession by the defendant could be overcome by proof of access to the premises by others. Having reviewed the charge as a whole, we find no merit to appellant's assertion that these uses of the word "overcome" led the jury to believe that it had to be convinced beyond a reasonable doubt that others had access to the premises before the inference of constructive possession would be rebutted.

7. In light of the disposition of appellant's enumeration of error treated in Divisions 1 and 5 of this opinion, it is not necessary to scrutinize appellant's remaining enumerations of error.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 2, 1982.

*Ernest DePascale,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

