## 66101. WHITE v. THE STATE.

BANKE, Judge.

The defendant was indicted for armed robbery and found guilty of robbery by intimidation. On appeal, he contends that the trial court erred in allowing evidence of a confession allegedly elicited from him in violation of his right to counsel.

After taking the defendant into custody, the arresting officer

asked him his name and date of birth. The defendant complied with the request for his name but stated he "wasn't saying anymore" until he spoke to an attorney. The next day, he was taken before a recorder's court judge for what was described as an arraignment hearing and was asked whether he could afford an attorney. He replied that he could not, and the judge stated that one would be appointed for him. Two detectives then accompanied him back to the jail, which was located on another floor in the same building. These detectives were unaware of the defendant's exchange with the arresting officer the day before, and while on the elevator they asked him if he wanted to make a statement. The defendant replied that he did and, after being informed of his Miranda rights, confessed to committing the robbery. Asked during the Jackson v. Denno hearing what had prompted him to cooperate with the officers, the defendant replied, "Because Detective Lester told me that it will go easier on you if you go ahead and give us a statement." Both detectives denied that any such representation was made.

The defendant testified that he knew he had a right to an attorney at the time he made the confession and that he was aware he was giving up that right. He admitted that his confession was truthful and stated that it was not induced by any threats on the part of the detectives. *Held:*

In Edwards v. Arizona, 451 U. S. 477, 482 (101 SC 1880, 68 LE2d 378) (1981), the United States Supreme Court reaffirmed its prior holdings that "waivers of counsel must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case 'upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' Johnson v. Zerbst, 304 U. S. 458, 464 (1938)." However, the Court went on to hold that once "an accused [has] expressed his desire to deal with the police only through counsel, [he] is not subject to *further interrogation* by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police . . . [I]t is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to *reinterrogate* an accused in custody if he has clearly asserted his right to counsel." *Id.* at 484-485. (Emphasis supplied.)

The defendant contends that the conduct of the detectives in this case constituted a clear violation of the Edwards holding. We do not agree. The defendant in Edwards had expressed a clear desire to talk to an attorney during the course of a custodial interrogation session. Although the interrogation was discontinued at that time,

the following morning two detectives, who were colleagues of the officer who had conducted the initial questioning, had the defendant removed from his cell over his protests that he did not want to talk to anyone and proceeded to obtain a waiver of counsel from him. The court ruled that this waiver could not be accepted as voluntary, knowing, and intelligent because of the officers' improper conduct in continuing to interrogate him after he had requested an attorney. The case presently before this court is distinguished from Edwards by the fact that *there had been no prior* interrogation at the time the waiver was obtained, and thus the defendant was not subjected to "further interrogation" or "reinterrogation" within the meaning of Edwards.

"[T]he term 'interrogation' under *Miranda* refers . . . to any words or actions on the part of the police (*other than those normally attendant to arrest and custody*) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U. S. 291, 301 (100 SC 1682, 64 LE2d 297) (1980). (Emphasis supplied.) The routine request by the arresting officer in this case for the defendant's name and date of birth were of the type normally attendant to arrest and custody and were not reasonably likely to elicit an incriminating response. Thus, they did not constitute an interrogation, and the subsequent questioning by the detective cannot be deemed a "further interrogation" within the meaning of Edwards, supra at 485. Accord, *Shy v. State,* 234 Ga. 816, 822 (218 SE2d 599) (1975), citing *Jenkins v. State,* 123 Ga. App. 822 (182 SE2d 542) (1971). Compare *Morris v. State,* 161 Ga. App. 141 (2) (288 SE2d 102) (1982); *Price v. State,* 160 Ga. App. 245, 248 (5) (286 SE2d 744) (1981).

There is no indication in this case that any subterfuge or psychological pressure was employed to obtain either the waiver of counsel or the confession, nor are we otherwise dealing with a type of police conduct with the potential for infringing upon the free exercise of constitutional rights. Compare Brewer v. Williams, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977); United States v. Henry, 447 U. S. 264 (100 SC 2183, 65 LE2d 115) (1980). The detectives who questioned the defendant had no basis for assuming that he did not wish to speak with them without the assistance of an attorney. He had never requested counsel while in jail, and although he responded affirmatively to the inquiry by the recorder's court judge as to whether he wanted an attorney appointed to represent him, this was not equivalent to a request to be allowed to consult with an attorney prior to or during questioning by police, but was merely a manifestation of a desire for representation during subsequent legal proceedings. See Jordan v. Watkins, 681 F2d 1067, 1073-1074 (5th

Cir., 1982). Compare *Vaughn v. State,* 248 Ga. 127 (281 SE2d 594) (1981). Under the circumstances of this case, it would be totally incongruous to hold that the detectives violated the defendant's right to counsel by asking him in the elevator if he wanted to make a statement. Accord *Cervi v. State,* 248 Ga. 325 (2) (282 SE2d 629) (1981); *Krier v. State,* 249 Ga. 80 (1) (a) (287 SE2d 531) (1982).

With regard to the detectives' alleged representation to the defendant that it would be easier or better on him if he talked, there is no indication in the record that the defendant himself interpreted this as an offer of lighter punishment. Rather, the statement, if made, would appear to have been understood as simply a suggestion that it would be easier or better on him if he told the truth. Such an interrogation technique does not constitute an improper offer of a benefit so as to render a subsequent confession involuntary. See *Caffo v. State,* 247 Ga. 751, 757 (279 SE2d 678) (1981); *Fowler v. State,* 246 Ga. 256 (4) (271 SE2d 168) (1980). In any event, the trial court was entitled to accept the officer's testimony that they made no such statement to the defendant. Accord *Frazier v. State,* 146 Ga. App. 229 (2) (246 SE2d 136) (1978); *Jones v. State,* 146 Ga. App. 88 (3) (245 SE2d 449) (1978). See generally *Brooks v. State,* 244 Ga. 574, 581 (2) (261 SE2d 379) (1979); *Gates v. State,* 244 Ga. 587 (1), 590-591 (261 SE2d 349) (1979); *Cunningham v. State,* 248 Ga. 835 (1), 836 (286 SE2d 427) (1982).

Considering all the facts and circumstances surrounding the defendant's confession, including his own admission during the Jackson v. Denno hearing that it was made freely and in knowing and voluntary disregard of his right to counsel, we conclude that the trial court did not abuse its discretion in admitting the confession into evidence.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Birdsong, Pope and Sognier, JJ., concur. Shulman, C. J., Quillian, P. J., and Carley, J., dissent.*

DECIDED OCTOBER 17, 1983 —
REHEARING DENIED NOVEMBER 9, 1983 — 

*Stanley H. Friedman,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.

CARLEY, Judge, dissenting.

Because we are bound by the decisions of the United States Supreme Court as well as the decisions of the Supreme Court of

Georgia, it is my opinion that we have no alternative but to reverse the judgment of conviction in this case and, therefore, I must respectfully dissent. Contrary to the majority, I can come to no conclusion other than that the confession of the appellant was obtained in a manner proscribed by the United States Supreme Court in Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), and that therefore the same was inadmissible. In Edwards, the United States Supreme Court stated: "[A]lthough we have held that after initially being advised of his *Miranda* rights, the accused may himself validly waive his rights and respond to interrogation, see North Carolina v. Butler, supra, at 372, 376 [99 SC 1755, 60 LE2d 286] the Court had strongly indicated that additional safeguards are necessary when the accused asks for counsel; and we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that *an accused,* such as Edwards, *having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.*" Edwards v. Arizona, supra at 484. (Emphasis supplied.) The majority's attempt to avoid applying the clear mandate of Edwards by focusing semantically upon the utilization of "further interrogation" and "re-interrogation" so as to factually distinguish this case is clearly contrary to the spirit and letter of Edwards.

In holding that "under the circumstances of this case it would be totally incongruous to hold that the detectives violated defendant's right to counsel by asking him in the elevator if he wanted to make a statement," the majority cites as "Accord" cases, *Cervi v. State,* 248 Ga. 325 (2) (282 SE2d 629) (1981) and *Krier v. State,* 249 Ga. 80 (1) (a) (287 SE2d 531) (1982). Both *Cervi* and *Krier* deal with the situation wherein the defendant was appointed counsel in another state and brought back to Georgia where he was clearly given Miranda warnings and waived his Miranda rights. Thus, these cases are distinguishable. It is noted that the majority cites only as a "Compare" case the post Edwards decision of our Supreme Court in *Vaughn v. State,* 248 Ga. 127 (281 SE2d 594) (1981). I believe that *Vaughn* is controlling Georgia authority demonstrating the applicability of the Edwards rule to the case at bar. As was held in *Vaughn,* it is clear to me that "[t]here is no indication in the record in this case that appellant's request for an attorney was either ambiguous or equivocal. Nor is there any indication in the record that

appellant initiated the resumption of the interrogation. His written statement should, therefore, not have been admitted." *Vaughn v. State,* supra, 131.

Subsequent to Edwards, the Supreme Court decided Oregon v. Bradshaw,——U. S.—— (103 SC ——, 77 LE2d 405) (1983) and attempted to clarify how the courts should apply Edwards. However, Bradshaw clearly involved a subsequent *initiation* of discussion by the defendant with the police officers. The sole question in Bradshaw was whether or not what the defendant said was sufficient to constitute the necessary "initiation" of a new dialogue with the authorities. In the instant case, White said nothing to the detectives and talked with them, and subsequently confessed, *only* after the detectives asked White if he wanted to make a statement.

It appearing that the confession found admissible by the trial court was obtained in violation of the rule laid down in Edwards and clarified in Bradshaw, it is my opinion that the judgment of conviction must be reversed. See also *Mobley v. State,* 164 Ga. App. 154, 156 (296 SE2d 617) (1982).

I am authorized to state that Chief Judge Shulman and Presiding Judge Quillian join in this dissent.