72441. LEWIS v. THE STATE.
(345 SE2d 663)

BANKE, Chief Judge.

The appellant was convicted of burglary, kidnapping, aggravated assault, and possession of a firearm by a convicted felon. On appeal, he contends that the trial court erred in admitting evidence of an incriminating statement he made to a booking officer following his arrest and in refusing to grant his motion for mistrial after a witness for the state implied that he had a record of previous arrests. *Held*:

1. The state presented evidence that, while being booked, the appellant asked the booking officer what he was being charged with and that, upon being told, the appellant volunteered the statement that he had committed the burglary but not the sodomy. The booking officer testified that he at no time questioned the appellant about the charges but merely asked his name, occupation, and other such information pertinent to the booking report. The officer further testified that although he responded to the appellant's volunteered statement by telling him to "shut up," the appellant "kept saying the same thing over again."

It is undisputed that the appellant had not been advised of his *Miranda* rights when this occurred; however, this court has previously held that where an incriminating statement is "blurted out" spontaneously during the routine police questioning which is unrelated to the investigation of a case and is not expected, designed, or likely to elicit information relevant to guilt, the statement does not constitute the product of custodial interrogation within the meaning of *Miranda* and its progeny. See *Jenkins v. State*, 123 Ga. App. 822, 824 (182 SE2d 542) (1971). Accord *Thompson v. State*, 168 Ga. App. 734 (1) (310 SE2d 725) (1983); *White v. State*, 168 Ga. App. 794, 796 (310 SE2d 540) (1983). The trial court was authorized to conclude from

the evidence introduced at the *Jackson v. Denno* hearing that the questioning of the appellant fell into such a category. Consequently, the court did not err in admitting the statement. Compare *Morris v. State*, 161 Ga. App. 141 (2) (288 SE2d 102) (1982); *Price v. State*, 160 Ga. App. 245 (5) (286 SE2d 744) (1981).

2. The following exchange took place between defense counsel and the booking officer on re-cross-examination: Q. ". . . You said he [the appellant] used those exact words?" A. "Yes, sir. He sounded like he had heard — he sounded to me as though he had heard a lot of things before, that he'd probably been booked on other things the way he sounded. I did not know his previous record."

The appellant contends that the trial court erred in denying his subsequent motion for mistrial in that the answer was unresponsive to the question and had the effect of unlawfully placing his character in issue. Although the trial judge declined to grant a mistrial, he did instruct the jurors to dismiss the statement from their minds and not to consider it in any way during their deliberations. The court also sought and obtained the assurances of the jurors that they would be able to follow this instruction.

This court has taken a stern view of unresponsive statements made by law enforcement officers on the witness stand which have the effect of placing a criminal defendant's character in issue by revealing or implying that he has engaged in past criminal conduct. See, e.g., *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396) (1978). In such situations, we have tended to find harmful error despite any curative instructions which might have been given by the trial court. See *Posey v. State*, 152 Ga. App. 216 (262 SE2d 541) (1979). In the present case, however, there are factors which tend to minimize the prejudicial effect of the officer's testimony. In the first place, one of the charges for which the appellant was on trial was possession of a firearm by a convicted felon; and, with reference to this charge, the appellant had stipulated that he had previously been convicted of operating a motor vehicle after having been declared an habitual violator, an offense which is classified as a felony. Additionally, the appellant subsequently testified that he "had a series of D.U.I.s back in '81." Given these factors, we hold that any prejudice resulting from the witness' unresponsive statement, reprehensible as it was, could be eliminated by curative instructions. Consequently, we hold that the trial court did not abuse its discretion in denying the motion for mistrial. See generally *Holcomb v. State*, 130 Ga. App. 154, 155 (202 SE2d 529) (1973).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

*Franklin H. Thornton*, for appellant.
*Arthur E. Mallory III, District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.