### 43904. HAMBRICK v. THE STATE.
(353 SE2d 177)

HUNT, Justice.

Paul Ivan Hambrick was convicted by a jury of the felony murder of Donald Jerome Grant and of possession of a firearm during the commission of a crime.[1] He was sentenced to life and five years imprisonment to be served concurrently. He appeals, raising enumerations of error regarding the sufficiency of the evidence and the trial court's charge on voluntary manslaughter.

The evening the victim was killed, a heated argument had taken place outside an apartment complex between a member of a group of friends which included the victim, and another group which included the defendant. During this argument the victim had come to the aid of the member of his group who was primarily engaged in the argument. Following a lull in the action the groups again exchanged threatening words, including a statement by the defendant that "somebody going to die here tonight." The defendant then obtained a gun from a member of his group and shot the victim twice, once as he was running away. The defendant's testimony that he acted in self-defense was supported by two other witnesses, including his brother. Other evidence indicated, however, that the shooting was unjustified and that neither the victim nor any member of his group was armed. The county medical examiner who performed an autopsy on the victim, stated his opinion that the victim died as a result of a "gunshot wound to the back of [his] left chest."

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends that the province of the jury was improperly invaded by the trial court's charge that provocation by words or gestures alone is always inadequate to reduce murder to manslaughter. While it is a correct statement of the law that provoca-

---

[1] The shooting and death of Donald Grant occurred on March 30, 1985. The defendant was arrested on April 24, 1985, indicted on August 23, 1985, and tried on October 14, 15, and 16, 1985. Judgment was entered on October 16, 1985. The defendant's motion for new trial was filed on October 28, 1985, amended on July 16, 1986, and denied on August 8, 1986. The defendant filed his notice of appeal on September 3, 1986. The appeal was docketed here on September 24, 1986, and submitted for decision on November 7, 1986.

tion by *words* alone is inadequate to reduce murder to manslaughter, *Aguilar v. State*, 240 Ga. 830, 833 (4) (242 SE2d 620) (1978), the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to *provocative conduct* by the victim. *Washington v. State*, 249 Ga. 728, 730 (3) (292 SE2d 836) (1982). Since provocative conduct might in some instances include actions which could be described as gestures, the charge as given is not an accurate statement of the law.[2]

We must next examine whether the trial court's erroneous charge constituted harmful error under the facts of this case. There was evidence of arguing and threats by both the victim and the defendant. The defendant claimed that he shot the victim after the victim reached for a weapon, and then shot him again as the victim was running away, when the victim turned back as if to shoot the defendant. The defendant's testimony, although contradicted by four witnesses for the state, was supported by the defendant's brother and by another witness. The defendant claims that an issue of voluntary manslaughter was raised by the victim's words connected to the victim's conduct in reaching for his weapon. No other "gestures" were involved and the defendant's testimony belies that he was provoked into a sudden, violent or irresistible passion by any words or gestures. Regarding the victim's conduct in reaching for a weapon, the defendant specifically denied that he was mad at the victim at the time he shot him and testified that the only reason for shooting the victim was self-defense. In that part of the charge on self-defense, the trial court properly instructed the jury on the statutory principles of use of force in defense of self including justifiable homicide. OCGA § 16-3-21. Thus, pretermitting whether the trial court was even required to charge the jury on voluntary manslaughter in this case, see *Saylors v. State*, 251 Ga. 735, 736 (309 SE2d 796) (1983); *Gregg v. State* 233 Ga. 117, 121 (2) (210 SE2d 659) (1974); *Williams v. State*, 232 Ga. 203, 204 (206 SE2d 37) (1974), overruled on other grounds, *Jackson v. State*, 239 Ga. 40 (235 SE2d 477) (1977), the erroneous reference to "gestures" in the trial court's charge was not crucial to or determinative of the defendant's claim of voluntary manslaughter. See *Syms v. State*, 175 Ga. App. 179, 181 (2) (332 SE2d 689) (1985). In all other respects, the trial court's charge to the jury on voluntary manslaughter was complete and correct, and we find the reference to "gestures," in the trial court's charge on voluntary manslaughter harmless.

3. The defendant contends the trial court's charge to the jury on voluntary manslaughter was improperly burden-shifting. In particu-

---

[2] Compare Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases, Part 4 (B) (6) (b), p. 88 (1984).

lar, the defendant complains of the following portion of the trial court's charge: "Passion on the part of the slayer is an essential element of voluntary manslaughter, and unless it be shown that the person killing was so overcome by passion as to exclude all idea of deliberation or malice, a killing is not voluntary manslaughter."

" 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. (Cits.)' [Cit.] A complete review of the court's charge in the case sub judice reveals that neither this isolated charge nor the charge as a whole, shifted the burden of proof on any issue to [the defendant]. Throughout the charge, the judge pointed out the burden of proof always rests on the State. We find no error." *Taylor v. State*, 252 Ga. 125, 127 (2) (312 SE2d 311) (1984).

4. Finally, the defendant argues that it was error to charge the jury that it could not consider the question of voluntary manslaughter unless the jury first found the defendant not guilty of murder. By not excepting to this charge in response to the trial court's inquiry and by failing to reserve the right to later object, the defendant waived his right to assert this claim of error on appeal. *Cameron v. State*, 256 Ga. 218, 219 (345 SE2d 575) (1986). However, we note that the charge complained of was approved by this court in *Alexander v. State*, 247 Ga. 780, 784 (3) (279 SE2d 691) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987.

*John Thomas Chason, Sheila R. Tyler,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, Dovre C. Jensen, Assistant District Attorneys, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.