44778. THE STATE v. JENKINS.
(363 SE2d 551)

CLARKE, Presiding Justice.

The sole issue in this appeal is whether the trial court erred in suppressing Jenkins' oral or written statements obtained after he invoked his right to counsel. Jenkins came into the Tifton Police Department at approximately 1:30 a.m. on February 22, 1986, and asked to speak with a detective. Hearing a call on the police radio in regard to an incident, Jenkins told the dispatcher that incident was what he wanted to talk about. She asked if he had "done it." When Jenkins answered affirmatively, she called uniformed officers who detained Jenkins. When the officers read him his rights and began to question him, Jenkins said that he did not wish to make a statement. Questioned later, by Lieutenant Willie Walker, he said that he would tell him more after he talked to a lawyer. The following day, the dispatcher was told that Jenkins would not be permitted any calls or visitors until the police were through "processing" or "questioning" him. She testified at the hearing on the motion to suppress that she did not recall his requesting any phone calls.

Two days after he had been first detained, another detective questioned Jenkins. The detective read his rights, and Jenkins said

that he did not want to make a statement. He did sign a waiver of rights form. Several hours later, the same detective questioned him again after reading to him the form which he had signed. At this point, Jenkins gave a written statement to the detectives. Upon Jenkins' motion the trial court suppressed the statement, and the state appeals.

1. The state claims that Jenkins did not adequately invoke his right to counsel. Jenkins argues that he clearly invoked the right. We find that Jenkins did clearly invoke the right to counsel.

2. The state claims that because the detective who obtained the statement did not know that Jenkins had ever refused to answer questions without having talked to a lawyer, the statement obtained was not inadmissible under *Edwards v. Arizona,* 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). The state relies upon this court's decision in *Cervi v. State,* 248 Ga. 325 (282 SE2d 629) (1981), cert. denied 456 U. S. 938 (1982), and upon *White v. State,* 168 Ga. App. 794 (310 SE2d 540) (1983). Jenkins responds that the present case is factually distinguishable from these cases and that under the totality of the circumstances the confession was not reliable. *Cervi v. State,* supra, is distinguishable from the case at hand. The question there was ". . . whether the request for counsel at the Iowa probable-cause hearing precluded interrogation of the appellant by the Georgia investigators without notifying appointed counsel and allowing him to be present." Id. at 327. Finding that the right to counsel had not been invoked during the interrogation by Georgia authorities, that the Georgia authorities had no knowledge of the appointment of counsel, and that the appellant had not been interrogated by the Iowa authorities, who were holding him in a custodial capacity only for possible extradition to Georgia, the court held, ". . . under the facts of this case, the appointment of counsel by one jurisdiction for the limited purpose of representation at a probable-cause hearing and extradition proceeding, did not prevent the appellant from giving an informed waiver of counsel prior to interrogation by the requesting state." Id.

*White v. State,* supra, is also distinguishable in that the court there turned the case on the fact that the appellant had not been interrogated at the time of his request for counsel. Therefore, reasoned the court, he was not subjected to "reinterrogation" or "further interrogation" within the meaning of *Edwards v. Arizona.*

We find that under the facts of this case the request for counsel was sufficient to prevent further questioning of Jenkins. The fact that he was questioned by a detective other than the one to whom he had made the request for counsel does not excuse the continued questioning after the request. Particularly troubling is the instruction entered on the jail's record book that he not be allowed phone calls or visitors "until Larry Scarborough says he can." This entry was made after

Jenkins said that he would tell more after he had talked with a lawyer.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 1988.

*David E. Perry, District Attorney, Donald L. Johnstono, Jr., Michael J. Bowers, Attorney General,* for appellant.

*Reinhardt & Whitley, Glenn Whitley, Robert C. Wilmot,* for appellee.