S89A0377. HARRIS v. THE STATE.
(384 SE2d 647)

MARSHALL, Chief Justice.

Joycelynn Harris appeals her conviction of guilty but mentally ill, of the murder of her six-year-old son, for which she was sentenced to

life imprisonment.[1] We affirm.

The father of the victim was Harris' common-law husband. The latter left Harris in 1982 and remarried in 1986, but lived near Harris in order to have access to his son. Since that time, Harris had sought psychiatric treatment because of problems she was having with her boyfriend. At approximately 7:30 a.m., November 21, 1986, police who had been called to Harris' apartment found the victim with a bullet wound to the temple, lying in the doorway. Harris also shot herself. She claimed that voices told her to shoot her son, that she had obeyed, and that he was supposed to be dead. She entered a plea of not guilty by reason of insanity. Medical experts testifying for the defense indicated that Harris had acted under delusional compulsion. Lay witnesses for the defense testified about her peculiar conduct. A social worker testified for the defense that Harris had delusions about voices that told her what to do, including the shooting of her son.

1. Harris first contends that the evidence of insanity (delusional compulsion) was so clear, and the proof so overwhelming, that the jury no longer could rely upon the rebuttable presumption of sanity, hence that the jury finding of sanity cannot be upheld.

In *Wilson v. State*, 257 Ga. 444 (11) (359 SE2d 891) (1987), we set out seven precepts which control this enumeration of error. As in *Wilson*, with the applicable statutes and appellate opinions in mind, we have reviewed the record in this case and conclude that, while evidence as to insanity was strong, it was not overwhelming. A review of the evidence in the light most favorable to the state indicates that a rational trier of fact could have found that the defendant failed to prove insanity by a preponderance of the evidence. *Brown v. State*, 250 Ga. 66, 71 (295 SE2d 727) (1982). Testimony indicated that she remembered everything that had happened, and she was found competent to stand trial.

2. The trial court's instructions on impeachment told the jury that

when a witness is successfully contradicted as to a material matter, his or her credibility as to other matters shall be a question for the jury. But if a witness willfully and knowingly swears falsely, his or her testimony shall be disregarded entirely unless corroborated by circumstances of other unimpeached evidence.

---

[1] The offense was committed on November 21, 1986. Harris was convicted and sentenced on January 28, 1988. A motion for new trial was filed on February 26, 1988, amended on August 25, 1988, and denied on May 19, 1989. The transcript was filed on June 30, 1988. The notice of appeal was filed on July 12, 1989. The case was docketed in this Court on August 4, 1989, and submitted for decision on September 15, 1989.

Harris contends that that instruction is appropriate only when the witness admits during trial that he/she wilfully and knowingly swore falsely.

The portion of the jury charge of which the appellant complains is merely a small part of the full charge on impeachment given by the trial court, which is a pattern charge. The portion in question was a correct statement of law, and substantially tracks the language of the statute. OCGA § 24-9-85 (b). The charge on impeachment — when taken in the context of the jury charge as a whole, including charges on the defendant's presumption of innocence, the state's burden of proof, the defense of insanity, and the definition and application of the doctrine of reasonable doubt — was clearly proper. *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177) (1987) and cit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1989 —
RECONSIDERATION DENIED NOVEMBER 1, 1989.

*Michael E. Bergin*, for appellant.

*Lewis R. Slaton, District Attorney, Alfred D. Dixon, Carole E. Wall, Assistant District Attorneys, Michael J. Bowers, Attorney General, Andrew S. Ree*, for appellee.