A90A0857. BROWN v. THE STATE.
(393 SE2d 514)

DEEN, Presiding Judge.

The appellant, Matthew Brown, was convicted of theft by shoplifting a $4.97 bracelet at a Wal-Mart store.

While on a family shopping trip at the Wal-Mart in Waycross, the wayward Brown was observed by the store security employee, Leo Root, to remove a bracelet from the display rack, place it in his hip pocket, and depart the store. Root confronted Brown in the mall food court, and Brown, after first denying having the bracelet, retrieved it from his pocket. Root escorted Brown back to the store, called the police, and summoned Brown's parents over the store intercom. Brown and his parents denied larcenous intent, and claimed that Brown had merely placed the bracelet in his pocket until the rest of the family was ready to check out of the store. *Held*:

At trial, Root identified the bracelet that he recovered from Brown, and explained that he had kept the bracelet in an individual

sack, stored in a room to which only he had a key. The sack bore an evidence label identifying Brown, the date, Root, and the police officer who transported Brown to the police station. These items were admitted into evidence and allowed to go out with the jury over defense counsel's objections that no proper foundation was laid for the bracelet, and that the sack was an impermissible written record of a witness' testimony. Those objections form the bases of this appeal.

The bracelet was a distinct and recognizable physical object, identifiable by the sense of observation, and admissible without the necessity of showing a chain of custody. *Harper v. State*, 251 Ga. 183, 185 (1) (304 SE2d 693) (1983). Even if a chain of custody showing had been necessary, however, considering the nature of the bracelet and the security surrounding the storage of the item, that foundation was clearly met in this case. *Carson v. State*, 241 Ga. 622 (247 SE2d 68) (1978).

The jury generally is not allowed to take written testimony into deliberations, because of the possible unfair advantage of repetition over oral testimony. *Royals v. State*, 208 Ga. 78 (2) (65 SE2d 158) (1951). However, the sack in which the store security kept the bracelet, and which bore the evidence label, hardly amounted to written testimony that could work any prejudice against Brown.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 16, 1990.

*C. Deen Strickland*, for appellant.
*Douglas Gibson, Solicitor*, for appellee.