## A92A0024. MORGAN v. THE STATE.
### (419 SE2d 313)

BIRDSONG, Presiding Judge.

Marvin Morgan appeals his judgment of conviction for possession of cocaine with intent to distribute and sentence. He enumerates three errors. *Held:*

1. Appellant asserts the trial court erred by allowing the jury to consider the writing on State's Exhibit No. 2 (an envelope in which a paper sack containing suspected cocaine was transmitted to the state crime lab), and by erroneously instructing the jury as to their consideration of said writing.

(a) Appellant asserts on appeal that it was error to allow the jury to see the accused's name written on the outside of State's Exhibit No. 2 on a line captioned, "Owner," thereby allowing the jury to consider hearsay evidence, which also bolstered the uncorroborated and contested evidence of Officer Watson, that it was the defendant who in fact was in possession of the drugs found in a paper sack inside a

barbecue grill. See, e.g., *Walker v. State*, 215 Ga. 128, 130 (3) (109 SE2d 748) (evidence tags); *Morris v. State*, 161 Ga. App. 141, 142 (1) (288 SE2d 102) (evidence tags).

In the case at bar, the issue of chain of custody was vigorously contested by the defense. The mere fact the printed name, "Marvin Morgan," appears on the transmittal envelope is in and of itself relevant to the issue of chain of custody, without regard to the proof of the matter therein contained that the said "Marvin Morgan" listed as "owner" on the envelope was in fact the "owner" of the contents of the transmittal envelope. As the mere fact that the printed name, "Marvin Morgan" has been affixed to the envelope has independent relevancy as to the issue of chain of custody, it is not hearsay. "Naturally, if the out of court declaration is admitted to prove the fact that the declaration was made and not to prove the truth of the declaration, it would not be hearsay." Agnor's Ga. Evidence (2d ed.), Hearsay, § 11-1. "As a fundamental rule, the definition of hearsay does not include out-of-court statements which are not offered as proof of the facts asserted in such statement, but are offered merely as proof that such a statement was made. . . . The only problem is in determining whether the making of such an out-of-court statement is relevant to any issue in the case and whether its probative value can be disentangled from overriding possibilities or dangers of prejudice." Green, Ga. Law of Evidence (3d ed.), Hearsay, § 218.

Additionally, informational notations on the envelope were placed there during the course of a legal investigation and are relevant to explain the conduct and intent of the officers in transmitting this particular envelope of evidence using a chain of custody procedure to the crime lab for scientific examination. OCGA § 24-3-2. The officer's procedural conduct and intent in processing this envelope became matters of which the truth was required to be found after appellant elected at trial to challenge the adequacy of the chain of custody of the cocaine following its seizure. Compare *Ivester v. State*, 252 Ga. 333, 334 (2) (313 SE2d 674).

"It is a cardinal rule of evidence that if evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories. That is, generally evidence should be admitted if it is admissible for any legitimate purpose." *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298).

(b) During the testimony of the State's drug identification expert, a hearsay objection was posed when the expert was asked who was identified to her as the possible suspect regarding the substance to which she had assigned case no. 91-10302. The trial court ruled in the presence of the jury that: "I will allow the question for the purpose of showing a chain of custody. However, *the jury will have to decide*

*who possessed . . . this contraband. For the purpose of showing the chain of custody I will allow the question, which means to the jury that she will identify names connected with that to show that it was the same material that has been testified to earlier.*" (Emphasis supplied.) Thereafter, the witness stated that the suspect was identified to the crime lab as "Marvin Morgan" and the arresting officer was identified as "M. A. Watson." The trial court's ruling made in the jury's presence constituted a form of limiting instruction and clearly pertained to the matters written on the envelope.

After the State had rested, the trial court denied appellant's motion for directed verdict as to the possession with intent to distribute count. In his motion, appellant asserted the State had failed to connect the seized drugs to appellant, and challenged, albeit somewhat unartfully, the sufficiency of chain of custody. Thereafter, appellant belatedly raised the issue of written hearsay being on the manila envelope containing the evidence. The trial court responded outside the presence of the jury as follows: "The reason why I allowed it to go in is because it is part of the chain of custody. You can make the argument on chain of custody . . . *I will direct the jury that those are identification numbers and the names are only for the purpose of establishing chain of custody and not for hearsay, they are not to show the proof of what is written on it.*" (Emphasis supplied.) Appellant then made a motion to strike that portion of State's Exhibit No. 2 that constituted the manila envelope "on the grounds that . . . that is hearsay and it bolsters the testimony of the witness." The trial court denied the motion to strike stating, "I will explain to the jury why, *and I think I already have, but I will repeat it again.*" (Emphasis supplied.) However, subsequently, the trial court in its formal instructions to the jury gave a somewhat confusing instruction regarding the writing on the envelope. This charge did not repeat clearly the contents of the original limiting instruction, or repeat the exact language which the court had indicated it would use in its charge to the court.

Standing alone, the final charge to the jury would not constitute an adequate limiting instruction. But, " ' "[i]t is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." ' " *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). And this includes an examination of a charge in relation not only to the remainder of the final charges and any re-charges to the jury, but in light of all prior limiting, curative, and cautionary instructions given to the jury during the course of the trial. When the charge is so viewed, we find that no fair risk exists that the jury was lead to believe that it could consider the information contained on the envelope for any purpose other than *showing a chain of custody*. Accordingly, we find the trial court did

not commit prejudicial error in instructing the jury on their consideration of the writing on State's Exhibit No. 2, as specifically enumerated by appellant.

(c) Moreover, the record reveals that after the State made a tender of State's Exhibit No. 2, appellant requested and received permission to cross-examine the crime lab drug identification expert. The following colloquy occurred before the exhibit was admitted in evidence and prior to the exhibit being tendered to the jury. "Q. And . . . one paper bag seems to be a manila [envelope] *with writing all over it* and one that looks like just sort of a half torn grocery sack, would you agree with me there? A. Yes. . . . Q. And that manila envelope was inside the big paper sack? A. Yes. . . . Q. Go ahead. A. And when I receive the evidence, one day and usually two days at the most, later I will open the outer paper bag, I will look at that sheet and compare the suspects named to all the defendants, unless they are contained inside that paper bag, and *I will match the envelope* with the information on the sheet, and that's how *I write the case number on that envelope. The envelope will always have the suspect's name and the arresting officer's name.* I compared the information of the sheet to assure that there is a corresponding *envelope* in my bag, and then *I write down the case number and the date that it was received and my initials on that envelope. . . .* Q. And do you have any personal knowledge yourself as opposed to things *that were written on pieces of paper that these are the drugs, that these drugs were in the possession of a person named Marvin Morgan.* A. Other than the *paper work,* no." (Emphasis supplied.) Thereafter, appellant's counsel specifically stated on the record that there was "no objection" to State's Exhibit No. 2. The exhibit was tacitly admitted at this point, and the State rested after asking the expert several questions not pertaining to document admissibility. The trial court thereafter entertained and impliedly overruled appellant's delayed objection to State's Exhibit No. 2 and expressly denied appellant's expanded follow-up motion to strike the admission of the exhibit.

The record thus reveals that appellant, through his own conduct and procedure, made the jury aware of the existence of writings, including writings on the manila envelope (State's Exhibit No. 2) which included thereon the name of appellant, the name of the arresting officer, and, as added thereto by the expert, the case number, date the envelope was received at the crime lab, and expert's initials. Thus, appellant's own conduct and trial procedure contributed to the jury's knowledge of the existence of written information on the outside of the manila envelope in State's Exhibit No. 2. One cannot complain on appeal of a result that he procured or which his own conduct or procedure aided in causing. *Wilburn v. State,* 199 Ga. App. 667, 669 (2) (405 SE2d 889); *Hawkins v. State,* 195 Ga. App. 739 (2) (395 SE2d

251).

2. Appellant asserts the trial court erred in denying appellant's motion for a directed verdict of acquittal as to the charge of possession of cocaine with intent to distribute. "[T]he proper test when[, as in this case,] sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the 'reasonable doubt' test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Wilburn v. State*, supra at (1); accord *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367).

Appellant argues, inter alia, that the showing of chain of custody was insufficient; that is, the State "failed to show that the item appellant possessed was the same item that was tested at the crime lab." Although the State has the burden of establishing chain of custody as to fungible goods subjected to scientific testing, "it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." *Williams v. State*, 199 Ga. App. 122, 123 (2) (404 SE2d 296). After examining the trial transcript in toto, we are satisfied that the State has carried its burden in this case. The record raising, at most, " 'bare speculation of tampering or substitution, the trial court correctly admitted the cocaine into evidence.' " Id.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in Division 1 (a) but for different reasons.

First, when the State moved the admission of the bag with the writing on it and its contents, defendant questioned the witness about it and then stated that he had no objection to its admission into evidence. A short time later the State rested its case and defendant moved for a directed verdict, which the court granted as to count 1. It was only then that defendant raised an objection to the writing on the outside of the bag, on the ground that it was hearsay. Since it was not hearsay, the objection was too late as a matter of law. *Viener v. State*, 150 Ga. App. 175, 177 (2) (257 SE2d 22) (1979). Consequently, defendant can hardly complain that when he objected and the court

gratuitously offered to instruct the jury to limit its consideration of the writing to the question of chain of custody (i. e., as a unique mark to distinguish the bag from all others), the court erred by not excising the writing altogether.

Defendant then added to his objection the ground that it bolstered the testimony of the witness. The testimony, some of it elicited by defendant, established the source, purpose, and meaning of the writing. There was no contrary evidence as to this; defendant merely made an issue of the chain of custody based on this evidence. Thus, the fact that defendant's name as "owner" was not blacked out was not harmful because it was clearly identified as being a marking merely made by the officer as his own designation. The fact that he made this designation was not contested, so its observation by the jury in the jury room in addition to the jury's hearing of it in the courtroom could not have constituted prejudice. See *Brown v. State*, 195 Ga. App. 389, 390 (393 SE2d 514) (1990). It merely showed that what was said to have been written on the bag was in fact written on the bag.

I concur in the remainder of the opinion.

DECIDED MAY 6, 1992.

*John 0. Ellis, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Gregory A. Adams, J. George Guise, Assistant District Attorneys*, for appellee.